# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

ALEJANDRO LOPEZ,

            Plaintiff,

vs.

GOLDEN NUGGET CASINO,

            Defendant.

Case No. 2:17-cv-01712-RFB-VCF

**ORDER**

Motion to Issue Summons and Require Defendants to Answer [ECF No. 27] and Motion to Strike [ECF No. 29]

Before the Court are Plaintiff Alejandro Lopez's Motion to Issue Summons and Require Defendants to Answer the Amended Complaint (ECF No. 27) and Defendant Golden Nugget Casino's ("GNLV Corp.") Motion to Strike Plaintiff's First Amended Complaint and Motion to Issue Summons (ECF No. 29). For the reasons stated below, Plaintiff's motion is denied and Defendant's motion is granted.

Plaintiff's original complaint was filed on July 28, 2017. (ECF No. 4). The complaint names Golden Nugget Casino as a Defendant and lists several Doe Defendants. (*Id.* at 1). Defendant filed an answer to the original complaint on November 27, 2017. (ECF No. 13). During discovery, Defendant identified "5 parties previously enlisted as Doe[]" Defendants. (ECF No. 27 at 1).

On March 27, 2018, Plaintiff filed an amended complaint adding the five newly-identified individuals as defendants. (ECF No. 28). Plaintiff did not file a motion to amend the complaint. Instead, Plaintiff filed a motion for the Court to issue summons for the amended complaint and to direct all defendants to answer the amended complaint. (ECF No. 27 at 2). In response, Defendant filed a motion to strike the amended complaint and Plaintiff's motion. (ECF No. 29). Defendant argues the filings

1

should be stricken because Plaintiff failed to follow the proper procedure in amending his complaint. (*Id.* at 2-3).

"A party may amend its pleading once as a matter of course…21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave." Fed. R. Civ. P. 15(1)(2). Under LCR 47-3, "[t]he failure of an opposing party to include points and authorities in response to any motion constitutes a consent to granting the motion."

Plaintiff failed to obtain the Court's or Defendant's leave before amending his complaint. More than 21 days have passed since Defendant filed an answer to the complaint. In addition, Plaintiff failed to oppose Defendant's motion to strike the amended complaint and Plaintiff's motion to issue summons. Therefore, Plaintiff's amended complaint and motion will be stricken.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Issue Summons and Require Defendants to Answer the Amended Complaint (ECF No. 27) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's First Amended Complaint and Motion to Issue Summons (ECF No. 29) is GRANTED. The case shall proceed under the original complaint until and unless a proper motion to amend the complaint, pursuant to Fed. R. Civ. P. 15, is timely filed.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time (*See Thomas v. Arn*,

474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notifications with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 30th day of April, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE