RICHARD J. PYATT, ESQ.
Nevada Bar No. 2777
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
Attorney for Defendant,
GNLV, CORP.

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ALEJANDRO LOPEZ,                    )
                                    ) CASE NO.: 2:17-cv-1712-RFB-VCF
                Plaintiff,          )
                                    )
vs,                                 )
                                    )
Golden Nugget Casino,               )
                                    )
                Defendant.          )
_____)

## STIPULATION AND ORDER FOR PROTECTIVE ORDER

**WHEREAS,** the parties recognize that the documents/materials have been requested to be produced that GNLV Corp., d/b/a Golden Nugget Casino (GNLV) claim may be confidential or contain proprietary information, which should not be disclosed except in a highly restricted fashion;

**WHEREAS,** the parties desire to litigate this Action without jeopardizing any business, commercial or proprietary interest in the confidentiality of GNLV'S information and/or materials and submit that good cause therefore exists for the entry of the following Protective Order ("Order") which shall govern the use, handling and disclosure of all confidential documents, material, testimony and information produced or given in this Action which relates in any way to the materials that are designated to be subject to this Order;

1

**IT IS FURTHER STIPULATED** that this Agreement shall be without prejudice to the right of the parties to use and request admission into evidence at any trial or hearing of any document or information which may be designated as Confidential. Further, this Agreement shall not be deemed to prejudice the right of any party to object to the admissibility of such documents or information pursuant to the applicable Rules of Evidence or as otherwise provided by law.

**IT IS HEREBY STIPULATED** by and between Plaintiff and Defendant as follows:

A) If any party to this lawsuit believes that any document it discloses during discovery is confidential, that party shall designate such documents by marking them with an overlay that indicates the confidential nature of the documents prior to the time of production. The parties shall identify confidential documents subject to this Protective Order by marking each page diagonally (from lower left-hand corner to upper right-hand corner) with the following language:

**CONFIDENTIAL SUBJECT TO COURT ORDER ALEJANDRO LOPEZ vs. GNLP CORP., D/B/A GOLDEN NUGGET CASINO**
<u>**UNITED STATES DISTRICT COURT - CASE NO. 2:17-cv-1712-RFB-VCF**</u>

B) If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a Motion for Protective Order with respect to the challenged documents within 30 days of receipt of such written notice. If the designating party does not file such a motion within the 30-day period, the documents whose confidential designations are disputed shall be deemed not to be confidential by agreement of the parties. If a Motion for Protective Order is filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

C) If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained

Pyatt Silvestri
701 Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, the documents, papers, and/or transcripts of proceedings shall be labeled as indicated in Paragraph "A" of this Protective Order and shall be filed under seal, bearing the following legend clearly written on the face of the sealed envelope under the name and case number of this action:

### CONFIDENTIAL-SUBJECT TO COURT ORDER

**The contents of this envelope are subject to a Protective Order entered by the Court in Alejandro Lopez v. Golden Nugget Casino, et al, United States District Court, Case No. 2-17-cv-1712-RFB-VCF. These materials shall be treated as confidential, and must not be shown to any person except as authorized by an Order of the Court.**

D) All documents of any nature, including briefs, which have been designated as "Confidential", or which contain, append, summarize, excerpt or refer to information which has been designated "Confidential", and which are filed with the Court, shall be filed with the Court under seal in accordance with NRCP 26(c)(8). Where possible, only those "Confidential" portions of filings designated "Confidential" shall be filed under seal. To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the appropriate designation on its face. In addition, the envelope shall bear the caption of this Action, and shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.

Local Rule IA 10-5

E) Confidential documents may be used in depositions, but shall remain subject to the Protective Order. If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, the party may designate

Pyatt Silvestri
701 Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

the pertinent portion of the transcript as confidential and subject to this Protective Order. If the parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall move for a protective order asking that the disputed portions thereof be deemed confidential. The disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

F) Except as otherwise provided herein, all documents and the information contained therein that are designated as confidential may only be disclosed by parties and the parties' counsel of record in this case to attorneys, clerks, paralegals and secretaries in the regular employment of the parties' counsel, and to independent experts and consultants who are employed by a party and contemplated by **Rule 26 (b) of the Nevada Rules of Civil Procedure.** Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

G) Prior to disclosing confidential documents, or the information contained therein to any experts or consultants pursuant to Paragraph "F" hereof, counsel for that party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement wherein such person acknowledges full acceptance of all terms contained herein. Said Confidentiality Agreement shall be provided to counsel for any other party within 30 days of such person's execution of the Confidentiality Agreement or upon formal expert disclosures, whichever is later.

H) Upon final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, including all copies provided to experts or consultants, shall be returned to counsel for the designating party. The foregoing shall

4

Pyatt Silvestri
701 Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

not preclude a party's counsel from retaining his or her own work product which shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in the regular employment of the party's counsel, and shall not be shared or disclosed to anyone other than these individuals.

I) The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective Order.

J) Any party may seek to have the Court modify or terminate this Protective Order at any time such party deems appropriate.

DATED this 4 day of ~~May~~ June, 2018      DATED this __day of May, 2018

                                                                                                                            PYATT SILVESTRI

By: _Alejandro Lopez_                                        By: _____
    ALEJANDRO LOPEZ                                 RICHARD J. PYATT, ESQ.
    #1046453                                                               Nevada Bar No. 2777
    High Desert State Prison                     701 Bridger Avenue, Suite 600
    Post Office Box 650                             Las Vegas, Nevada 89101
    Indian Springs, Nevada 89070             Attorney for Defendant
    Plaintiff in Proper Person

///

///

///

///

///

///

///

///

5

Pyatt Silvestri
701 Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

CASE NO.: 2-17-cv-1712-RFB-VCF
ALEJANDRO LOPEZ VS. GOLDEN NUGGET CASINO

## PROTECTIVE ORDER

The Court having considered the Stipulation for Entry of Protective Order, and it appearing that there is good cause for an Order providing confidential treatment for certain documents and information that may be disclosed or produced during discovery or other proceedings herein,

**IT IS HEREBY ORDERED** that the terms of the **Protective Order** be accepted and put into effect.

DATED this 7th day of June , 2018

_____
U.S. ~~DISTRICT COURT~~ JUDGE
Magistrate

Submitted by:

PYATT SILVESTRI

By:_____
RICHARD J. PYATT, ESQ.
Nevada Bar No. 2777
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Attorney for Defendant

Pyatt Silvestri
701 Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000