# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

***

ALEJANDRO LOPEZ,

               Plaintiff,

vs.

GOLDEN NUGGET CASINO,

               Defendant.

Case No. 2:17-cv-01712-RFB-VCF

**ORDER**

MOTION TO AMEND [ECF NO. 34], MOTION TO ISSUE SUMMONS [ECF NO. 35], AND MOTION FOR ORDER TO ANSWER AMENDED COMPLAINT [ECF NO. 36]

Before the Court are Plaintiff Alejandro Lopez's Motion for Leave of Court to File Amended Complaint (ECF No. 34), Motion to Issue Summons (ECF No. 35), and Motion for Order Directing Defendants to Answer Amended Complaint (ECF No. 36). For the reasons stated below, Plaintiff's motions to amend and issue summons are granted in part and his motion for order to answer is denied.

## BACKGROUND

On June 19, 2017, Plaintiff filed an application to proceed *in forma pauperis* and a proposed complaint. (ECF No. 1; ECF No. 1-1). The Court granted the *in forma pauperis* application and screened the complaint. (ECF No. 3). The complaint names Golden Nugget Casino ("GNLV") as a Defendant and lists several unnamed GNLV employees as Doe Defendants. (ECF No. 4 at 1). Plaintiff alleges that GNLV's security guards, acting in a relationship with the Las Vegas Metropolitan Police Department, wrongfully assaulted and detained Plaintiff. (*Id.* at 3-5). Of the fifteen claims Plaintiff brought, the Court found that five could proceed: a 42 U.S.C. § 1983 claim based on a violation of the Fourth Amendment, a false imprisonment claim, an assault and battery claim, a premises liability claim, and a negligence claim. (ECF No. 3 at 6, 10-13; ECF No. 9). The Court dismissed several claims with leave to amend,

1

including claims for defamation and conspiracy. (ECF No. 3 at 9-11; ECF No. 9). The Court stated that, "[i]f no amended complaint is timely filed this case will proceed on" the five claims the Court found cognizable. (ECF No. 3 at 14). Plaintiff filed a Notice of Non-Intent of Amending the Complaint, stating that he "seeks to proceed solely on those claims found cognizable by the Court." (ECF No. 5 at 1).

On May 31, 2018, Plaintiff filed a motion to amend his complaint. (ECF No. 34). Plaintiff seeks to name GNLV security guards identified during discovery as defendants: Mark Lenhart, Michael Shaye Francis, Michael Gimse, Drae Moon, and Kenneth Pienk. (ECF No. 34-1 at 1-2). The amended complaint brings seven claims against Defendants: a 42 U.S.C. § 1983 claim based on a violation of the Fourth Amendment, a defamation claim, a false imprisonment claim, an assault and battery claim, a conspiracy claim, a premises liability claim, and a negligence claim. (*Id.* at 8-11). Plaintiff also filed a motion to issue summons and order Defendants to answer the amended complaint. (ECF Nos. 35, 36). In opposition, GNLV argues Plaintiff should not be able to re-litigate the claims previously dismissed by the Court. (ECF No. 39 at 3-4).

**ANALYSIS**

"A party may amend its pleading once as a matter of course…21 days after service of a responsive pleading." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). "[C]onsideration of prejudice to the opposing party [] carries the greatest weight… Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule

2

15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis omitted).

Plaintiff's proposed amended complaint contains two types of amendments—(1) additional Defendants and (2) change in claims. The Court will consider each type of amendment separately.

The Court finds the addition of Defendants in Plaintiff's proposed amended complaint is permissible. The original complaint states that the Doe Defendants are GNLV employees, including security guards, and "anticipates amending the pleadings to reflect" their names. (ECF No. 4 at 2). Plaintiff now seeks to add the names of security guards learned through discovery. There is no indication of undue delay to name these Defendants. The discovery deadline is currently set for December 10, 2018. (ECF No. 25). As the case is still in its fairly early stages, there will not be prejudice to the new Defendants. Therefore, Plaintiff's motion to amend is granted regarding adding in Mark Lenhart, Michael Shaye Francis, Michael Gimse, Drae Moon, and Kenneth Pienk as Defendants.

The Court faces a more difficult analysis regarding Plaintiff's defamation and conspiracy claims. The Court dismissed these claims with leave to amend. (ECF No. 3 at 9-11; ECF No. 9). Plaintiff previously filed a Notice of Non-Intent of Amending the Complaint, stating that he "seeks to proceed solely on those claims found cognizable by the Court." (ECF No. 5 at 1). However, Plaintiff now seeks to amend his complaint to include these claims.[1]

The Court finds that allowing Plaintiff to add defamation and conspiracy claims is not justified in this case. While the proposed amended claims do not rise to the level of bad faith, there has certainly been undue delay. Plaintiff was given the chance to amend these claims almost a year ago, but Plaintiff affirmatively represented to the Court and opposing party that he would only proceed on his § 1983, false

---

1 The Court notes that the deadline to amend pleadings is set for September 11, 2018, so Plaintiff's motion is timely. (ECF No. 25).

3

imprisonment, assault and battery, premises liability, and negligence claims. Plaintiff has failed to explain this delay or state that any new discovery has impacted his decision to amend.[2] The Court has additional concerns about the futility of Plaintiff's proposed conspiracy claim. Plaintiff merely adds the legal definition of conspiracy to his claim (ECF No. 34-1 at 10) rather than "allege *evidence* of an explicit or tacit agreement" as directed in the Court's previous order dismissing the claim with leave to amend (ECF No. 3 at 11, emphasis added). Therefore, Plaintiff's motion to amend is denied regarding his defamation and conspiracy claims.

Because the Court grants Plaintiff's motion to amend in part, the Court will also grant Plaintiff's motion to issue summons (ECF No. 35) pending Plaintiff's filing of an amended complaint that adheres to this Order. However, the Court denies Plaintiff's motion to issue an order directing Defendants to answer the amended complaint. (ECF No. 36). Defendants must adhere to the Federal Rules of Civil Procedure and Local Rules in answering the complaint, and there does not need to be any further Court order on the issue.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion for Leave of Court to File Amended Complaint (ECF No. 34) is GRANTED in part.

IT IS FURTHER ORDERED that Plaintiff must file an amended complaint by July 13, 2018. The amended complaint may add Mark Lenhart, Michael Shaye Francis, Michael Gimse, Drae Moon, and Kenneth Pienk as Defendants, but the defamation and conspiracy claims must be removed.

IT IS FURTHER ORDERED that Plaintiff's Motion to Issue Summons (ECF No. 35) is granted, pending Plaintiff's filing of an amended complaint that adheres to this Order. Once Plaintiff files an

---

[2] In fact, Plaintiff states that his proposed amended complaint "contains no new allegations" other than the names of the new Defendants. (ECF No. 34).

4

amended complaint, the Clerk of Court will issue summons to the Defendants named in the complaint, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff has twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying if defendant was served. If the plaintiff wishes to have the U.S. Marshal attempt service again on the unserved defendant, then a motion must be filed with the court identifying the unserved defendant, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (90) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that Plaintiff's Motion for Order Directing Defendants to Answer Amended Complaint (ECF No. 36) is DENIED.

**NOTICE**

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notifications with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 27th day of June, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE