# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

***

ALEJANDRO LOPEZ,

                Plaintiff,

vs.

GOLDEN NUGGET CASINO, *et al.*,

                Defendants.

Case No. 2:17-cv-01712-RFB-VCF

## <u>ORDER</u>

Motion to Amend [ECF No. 44], Motion to Strike [ECF No. 46]

Before the Court are Plaintiff Alejandro Lopez's Motion for Leave of Court to File Amended Complaint (ECF No. 44) and Defendant Golden Nugget Casino's ("GNLV CORP.") Motion to Strike (ECF No. 46). For the reasons stated below, Plaintiff's motion is denied without prejudice and Defendant's motion is denied.

## BACKGROUND

On June 27, 2018, the Court granted Plaintiff's motion to amend his complaint in part. (ECF No. 43 at 3-4). The Court ordered that "Plaintiff must file an amended complaint by July 13, 2018." (*Id.* at 4). Plaintiff did not file an amended complaint by the Court's deadline.

On September 6, 2018, Plaintiff filed another motion to amend his complaint. (ECF No. 44). The attached proposed amended complaint meets the requirements outlined in the Court's June 27, 2018 Order (ECF No. 43 at 3-4), except that it was filed more than two months after the Court's deadline. Plaintiff does not explain this delay.

On September 18, 2018, Defendant filed a motion to strike the proposed amended complaint. (ECF No. 46). Defendant argues that Plaintiff's undue delay in filing the amended complaint will prejudice the Defendants in the case, as discovery is set to close on December 10, 2018. (*Id.* at 3).

## ANALYSIS

It is clear that Plaintiff failed to abide by the deadline to file his amended complaint set by the Court's June 27, 2018 Order. Rather than a new motion to amend, Plaintiff's motion will be treated as a motion to extend the July 13, 2018 deadline set in the Court's Order.

"A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must…be supported by a showing of good cause for the extension." LR 26-4. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id.*

Plaintiff's motion to amend does not explain or attempt to justify the two-month delay in filing his amended complaint. Therefore, the Court cannot grant his motion to amend at this time. The Court will allow Plaintiff the chance to explain the delay by denying his motion without prejudice.[1] However, the Court strongly cautions the Plaintiff that should he file a motion outside of the deadline set by the Court below, the Court will find the untimeliness to be adequate grounds to deny the motion without any further analysis. Because the Court is denying Plaintiff's motion to amend without prejudice, the Court does not find it necessary to strike Plaintiff's proposed amended complaint at this time.

ACCORDINGLY, and for good cause shown,

---

[1] The Court recognizes that the deadline to file a motion to amend pleadings has passed and the close of discovery is approximately two months away. (ECF No. 25). The Court will consider whether any extensions to the scheduling order is necessary based on the outcome of any further motion to amend.

IT IS ORDERED that Plaintiff's Motion for Leave of Court to File Amended Complaint (ECF No. 44) is DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Defendant's Motion to Strike (ECF No. 46) is DENIED.

IT IS FURTHER ORDERED that should Plaintiff choose to request an extension of time to file his amended complaint, he must file a motion by October 23, 2018.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time (*See Thomas v. Arn*, 474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notifications with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 9th day of October, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE