# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

ALEJANDRO LOPEZ,

    Plaintiff,

vs.

GOLDEN NUGGET CASINO, *et al.*,

    Defendants.

Case No. 2:17-cv-01712-RFB-VCF

**ORDER**

Motion to Compel [ECF No. 48], Motion to Extend Time [ECF No. 49]

  Before the Court are Plaintiff Alejandro Lopez's Motion to Compel Production of Documents (ECF No. 48) and Motion to Extend Time on Amended Complaint (ECF No. 49). For the reasons stated below, Plaintiff's motions are denied.

## BACKGROUND

  On June 27, 2018, the Court granted Plaintiff's motion to amend his complaint in part. (ECF No. 43 at 3-4). The Court ordered that "Plaintiff must file an amended complaint by July 13, 2018." (*Id.* at 4). Plaintiff did not file an amended complaint by the Court's deadline.

  On September 6, 2018, Plaintiff filed another motion to amend his complaint. (ECF No. 44). The attached proposed amended complaint meets the requirements outlined in the Court's June 27, 2018 Order (ECF No. 43 at 3-4), except that it was filed more than two months after the Court's deadline. The Court denied Plaintiff's motion to amend without prejudice to give Plaintiff the opportunity to explain the two-month delay. (ECF No. 47).

  On October 12, 2018, Plaintiff filed a motion to compel production of documents. (ECF No. 48). Plaintiff asserts that he has been unable to obtain documents from Defendant Golden Nugget Casino

1

("GNLV CORP."). (*Id.* at 1). Specifically, Plaintiff alleges that (1) Defendant did not produce confidential documents after a protective order was signed, (2) Defendant claimed that documents had been produced when in fact they were not, and (3) Defendant failed to respond to requests in a timely manner. (*Id.* at 2-3). Defendant argues that Plaintiff did not comply with the meet and confer requirements in the Local Rules. (ECF No. 50 at 2-3).

On October 18, 2018, Plaintiff filed a motion extend time to amend his complaint. (ECF No. 49). Plaintiff states that the delay in filing his amended complaint arose from Plaintiff's difficulty in proceeding as a *pro se*, incarcerated party. (*Id.* at 1). Plaintiff was receiving help from another inmate, but Plaintiff lost communication with the other inmate and has now "taken matters into his own hands to proceed on his own." (*Id.* at 2). Defendant argues that the delay was not caused by excusable neglect and allowing amendment of the complaint at this stage of the litigation would prejudice Defendant. (ECF No. 51 at 3-4).

## MOTION TO COMPEL

A party may move to compel production of documents under Federal Rule of Civil Procedure 37, but a motion to compel "will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request." LR 26-7(c).

Plaintiff has not detailed any effort to meet and confer with Defendant regarding his discovery requests. Before moving to compel responses, Plaintiff must communicate with Defendant to allow Defendant the chance to rectify any alleged deficiencies with the discovery responses. If Plaintiff believes that some documents have not been produced or have perhaps been misplaced and need to be produced again, he must communicate that to Defendant. Therefore, Plaintiff's motion to compel is denied.

2

## MOTION TO EXTEND TIME

"A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must…be supported by a showing of good cause for the extension." LR 26-4. "A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect." *Id.*

The Court finds that Plaintiff failed to show good cause or excusable neglect in his motion to extend time. Plaintiff's sole reason for the two-month delay in filing his amended complaint was that he lost contact with an inmate who had been helping him with his case. (ECF No. 49 at 1-2). This does not justify the two-month delay in filing the amended complaint. The Court's Order (ECF No. 43) was clear regarding what amendments Plaintiff could make to his complaint. Plaintiff did not contact the Court about his difficulties during the two-month delay or ask for an extension of time prior to the July 13, 2018 deadline. In addition, Defendant would be prejudiced by allowing Plaintiff to amend his complaint at this stage of the case, as discovery is set to close on December 10, 2018. (ECF No. 25 at 1). Therefore, Plaintiff's motion to extend time is denied.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Compel Production of Documents (ECF No. 48) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's and Motion to Extend Time on Amended Complaint (ECF No. 49) is DENIED.

## NOTICE

Under Local Rule IB 3-2, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time (*See Thomas v. Arn*,

474 U.S. 140, 142 (1985)). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. (*See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

Pursuant to LSR 2-2, the Plaintiff must immediately file written notifications with the court of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** (*See* LSR 2-2).

IT IS SO ORDERED.

DATED this 19th day of November, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE